# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **KEVIN GUERRIER**<br>329 N. 61st Street<br>Philadelphia, PA  19139<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**WIDENER UNIVERSITY**<br>One University Place<br>Chester, PA  19013<br><br>　　　　　Defendant. | Civil Action No: _____ |

## **INTRODUCTION**

1. This case presents a textbook example of employment discrimination.

2. Plaintiff Kevin Guerrier ("Plaintiff" or "Kevin") was hired as a graduate admissions specialist by Widener University ("Defendant") in or around October 2019.

3. Throughout his time working for Defendant, Kevin suffered debilitating back pain caused by severe blood clots in his legs and by his kidney and lungs.

4. On or about July 21, 2020, Kevin was admitted to the Hospital for the University of Pennsylvania ("HUP") because of severe pain in his back and legs and difficulty walking. He was diagnosed with blood clots and scheduled for immediate emergency surgery to remove them.

5. He was hospitalized for several days and needed two independent procedures to remove the clots.

6. Kevin needed several weeks to recover from the procedures. He requested one month time off work so that he could recover from his procedures and invoked his short-term disability so that he could take the time off.

1

7.  Defendant unlawfully fired Kevin while he was on leave.

*8.*  Defendant's firing of Kevin constitutes unlawful discrimination and retaliation in violation of the: (1) Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.*; (2) Pennsylvania Human Relations Act ("PHRA"), 43 Pa.Cons.Stat. § 951 *et. seq.*; and (3) Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001 *et. seq.*

## PARTIES

9.  Plaintiff Kevin Guerrier is a U.S. citizen who permanently resides at 329 North 61st Street, Philadelphia, PA  19139.

10. Defendant Widener University is a non-profit corporation with offices at One University Place, Chester, PA  19013.

## JURISDICTION & VENUE

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.  This Court also has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. Venue lies in this District because Defendant resides in this District.  *See* 28 U.S.C. § 1391(b)(1).

13. Venue also lies in this District because a substantial part of the events and omissions giving rise to the claims asserted in this action occurred in this District.  *See* 28 U.S.C. § 1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission and the Pennsylvania

Human Relations Commission. The EEOC mailed out the right to sue letter on or about August 1, 2021. The right to sue letter is attached hereto as Exhibit A.

## **FACTS**

15. Kevin is a graduate of Widener University. He graduated in 2021 with a Master of Arts in Organizational Development and Leadership.

16. Kevin was hired by Defendant as a graduate admissions specialist on or about October 28, 2019.

17. As an admissions specialist, Kevin was responsible for:

- Researching and suggesting new recruiting opportunities and coordinating on-campus open houses;

- Recording all efforts in the CRM systems and maintaining regular reporting of all activities;

- Guiding students through phone, email, information sessions, workshops, and one-on-one appointments;

- Advising students on all aspects of graduate admissions and extended learning; and

- Providing resources/preliminary information useful in support of students' educational pursuits such as financial aid, assistantships, admissions, registration and campus life.

18. Throughout his time working for Defendant, Kevin suffered debilitating back pain caused by severe blood clots in his legs and by his kidney and lungs.

19. Despite extreme pain, Kevin showed up to work almost every day, often times even working late despite his back pain.

20. As he continued to work for Defendant, Kevin noticed that he was losing mobility in his legs.

21. Because of the extreme pain and loss of mobility, Kevin went to the emergency room at HUP wherein he was diagnosed with blood clots in both legs, by one kidney and by both his lungs.

22. Kevin had two emergency surgeries to remove the blood clots on July 22 and 23, 2020. He spent 6 days in the hospital after the surgeries. After his release, Kevin was instructed by his doctors to stay home and rest for several weeks.

23. After the surgery, Kevin was in pain and had to rebuild the strength to walk properly. He was prescribed pain medication and strong blood thinners in the form of needle injection.

24. It took him approximately one month of recovery time before he was able to return to work.

25. During his hospitalization and recovery period, Kevin was disabled, and/or perceived as disabled by Defendant.

26. Because of his blood-clotting condition, Kevin was unable to perform basic daily activities such as walking, standing and climbing stairs.

27. As a result, Kevin requested several weeks off of work. To that end, he invoked his short-term disability policy and took approximately one month off of work.

28. While on his recovery leave, however, Defendant fired Kevin.

29. Defendant fired Kevin in retaliation for requesting a short amount off of work so he could properly recover from his surgery and or because of his actual or perceived disability.

## COUNT I
**Violation of the ADA -Disability Discrimination and Retaliation**

30. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

31. Kevin qualifies as disabled under the ADA.

32. Defendant terminated Kevin's employment because of his disability, or because Defendant perceived him to be disabled.

33. Defendant also terminated Plaintiff's employment in retaliation of his participation in protected activity.

34. Plaintiff's request for leave to accommodate his disability is protected activity under the ADA.

35. Defendant acted intentionally or with reckless indifference thereby entitling Kevin to punitive damages.

36. Despite reasonable efforts, Kevin has been unable to find comparable employment.

37. As a direct result of Defendant's discrimination, Kevin has suffered mental anguish, emotional distress, damage to his reputation and loss of wages and earnings, benefits, and future earning power.

**WHEREFORE**, Kevin seeks back pay, front pay, educational costs, benefits and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to his reputation, along with his punitive damages and his costs, including reasonable attorney's fees.

## COUNT II
### Violation of the PHRA – Disability Discrimination and Retaliation

38. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

39. Defendant engaged in unlawful discriminatory practices against Kevin in violation of the PHRA.

40. Defendant violated the PHRA towards Kevin by discriminating against him by terminating his employment on the basis of his disability, or the defendant's perception that he was disabled.

41. Defendant also violated the PHRA towards Kevin by terminating his employment in retaliation for requesting leave to accommodate his disability.

42. As a direct result of Defendant's discrimination, Kevin has suffered mental anguish, emotional distress, damage to his reputation and loss of wages and earnings, benefits, and future earning power.

**WHEREFORE**, Kevin seeks back pay, front pay, educational costs, benefits and interest due thereon as well as compensation for mental anguish, emotional distress, humiliation, and damage to his reputation, along with his punitive damages and her costs, including reasonable attorney's fees.

## COUNT III
### ERISA

43. All preceding paragraphs of this Complaint are incorporated by reference as if fully restated herein.

44. Prior to his termination, Kevin was on leave of absence pursuant to a short-term disability policy that was part of an Employer Benefit Plan of the Defendant for the benefit of employees like the Plaintiff.

45. Kevin was in the middle of his short-term disability when Defendant made the decision to terminate his employment.

46. Kevin returned to work at the expiration of his disability leave and was notified immediately that he had been terminated.

47. Defendant terminated Kevin's employment in retaliation for his use of company benefits.

48. As a direct result of Defendant's unlawful retaliation, Kevin has suffered mental anguish, emotional distress, damage to his reputation and loss of wages and earnings, benefits, and future earning power.

**WHEREFORE**, Kevin seeks damages for back pay, front pay, education costs, benefits, compensatory damages, attorney's fees and costs.

### JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Respectfully submitted,

**KREHER & TRAPANI LLP**

Date: October 19, 2021

/s/ Francesco P. Trapani
Francesco P. Trapani, Esquire
PA Bar ID No. 209123
KREHER & TRAPANI LLP
Two Penn Center Plaza, Suite 900
1500 John F. Kennedy Blvd.
Philadelphia, PA  19102
Phone (215) 907-7290
Fax (215) 907-7287
frank@krehertrapani.com

# EXHIBIT A

EEOC Form 161 (11/2020)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: **Kevin C. Guerrier**
**329 North 61st Street**
**Philadelphia, PA 19139**

From: **Philadelphia District Office**
**801 Market Street**
**Suite 1000**
**Philadelphia, PA 19107**

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2020-05694 | Legal Unit, Legal Technician | (267) 589-9707 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Dana R. Hutter* (signature)

**Dana R. Hutter,**
**Deputy Director**

August 1, 2021
*(Date Issued)*

Enclosures(s)

cc:
**Kathleen Bell-O'Connell**
**Attorney at Law**
**Lamb Mcerlane PC**
**3405 West Chester Pike**
**Newtown Square, PA 19073**

**Gary Martoccio, Esq.**
**Speilberger Law Group**
**4890 W. Kennedy Blvd. Ste. 950**
**Tampa, FL 33609**

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* **to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- ➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- ➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities"** now include the operation of major bodily functions, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ➢ **Only one** major life activity need be substantially limited.
- ➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- ➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

- ➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- ➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- ➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.